```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|                           |   |                          |
|---------------------------|---|--------------------------|
| UNITED STATES OF AMERICA, | ۵ |                          |
|                           | ۵ |                          |
|     Plaintiff, | ۵ |                  |
|                           | ۵ | Cv. No. 11-2290-STA-tmp  |
| vs.                       | ۵ | Cr. No. 05-20080-JDB     |
|                           | ۵ | Cr. No. 05-20368-JDB     |
| FRED KRATT,               | ۵ |                          |
|                           | ۵ |                          |
|     Defendant. | ۵ |                  |

ORDER OF DISMISSAL

On April 13, 2011, Defendant Fred Kratt, Bureau of Prisons ("BOP") register number 10600-042, who was, at the time, an inmate at the Federal Prison Camp located at the Maxwell Air Force Base in Montgomery, Alabama, filed a pro se motion pursuant to 28 U.S.C. § 2255, accompanied by a motion seeking leave to file a 53-page legal memorandum. (ECF Nos. 1 & 2.) On April 20, 2011, the Court granted leave to file excess pages. (ECF No. 3.) On May 5, 2011, Defendant's copy of that order was returned by the post office as undeliverable. (ECF No. 4.) Defendant had apparently been transferred to a residential re-entry center. According to the BOP website, Defendant was released from custody on October 14, 2011. He has not communicated with the Court since the filing of this action.

The Court issued an order on December 13, 2011, directing Defendant to advise the Court within fourteen (14) days whether he intends to pursue this matter. (ECF No. 5.) The order further stated that, "[i]f Defendant fails to respond to this motion, the Court will dismiss the case without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 2.) A copy of that order was mailed to Defendant at his last known home address, which was obtained from the presentence report.

Defendant has not responded to the December 13, 2011, order, and the time for a response has expired. Defendant's copy of the order was returned by the post office on January 3, 2012, with a notation that the mailing was "NOT DELIVERABLE AS ADDRESSED" and that the post office was "UNABLE TO FORWARD." (ECF No. 6 at 3.)

It is the most basic responsibility of a litigant to provide the Court with his current address. Because Defendant has failed to do so, it appears that he has abandoned this action. Therefore, the Court DISMISSES the action without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). Judgment shall be entered for Defendant.

IT IS SO ORDERED this 20th day of January, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE